UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANGEL ROMULO DEL VALLE CASTILLO, et al., <br><br> Petitioner, <br><br> v. <br><br> CAMMILLA WAMSLEY, et al., <br><br> Respondent. | CASE NO. 2:25-cv-02054-TMC <br><br> ORDER GRANTING IN PART MOTION TO SHOW CAUSE AND EXPEDITED BRIEFING SCHEDULE |

On October 21, 2025, Petitioners filed a 28 U.S.C. § 2241 petition for writ of habeas corpus. Dkt. 1. That same day, Petitioners moved *ex parte* to request this Court issue an order to show cause and expedited briefing schedule in this matter—seven days for a response and five days for a reply. Dkt. 2 at 5; Dkt. 2-1 at 1. The Court GRANTS the motion in part and orders an expedited briefing schedule for the reasons that follow.

1. The Court retains discretion to determine when an answer or response to a section 2241 habeas petition is due. *See, e.g.*, Sect. 2254 Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [28 U.S.C. § 2254]."); *Clutchette v. Rushen*, 770 F.2d 1469, 1474–75 (9th Cir. 1985) (explaining that pursuant to Habeas Rule 4, the federal court has discretion to fix a time to file an

ORDER GRANTING IN PART MOTION TO SHOW CAUSE AND EXPEDITED BRIEFING SCHEDULE - 1

answer beyond the time periods set forth in 28 U.S.C. § 2243). Even when following 28 U.S.C. § 2243, the Court may allow up to twenty days for the return with good cause. 28 U.S.C. § 2243 ("The writ, or order to show cause . . . shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed."). While expedited briefing is warranted, the Court declines to adopt Petitioners' proposed briefing schedule. *See* Dkt. 2 at 5; Dkt. 2-1 at 1.

2. In the exercise of its discretion to fix the response deadline, the Court is mindful that Congress has clearly indicated that habeas petitioners are entitled to a prompt ruling. A court considering a habeas application must "*forthwith* award the writ or issue an order directing the respondent to show cause why the writ should not be granted." 28 U.S.C. § 2243 (emphasis added); *see Fay v. Noia*, 372 U.S. 391, 400 (1963) (explaining that habeas is meant to provide a "swift and imperative remedy"); *In re Habeas Corpus Cases*, 216 F.R.D. at 53 ("Undue delay in the disposition of habeas corpus cases is unacceptable.").

3. Thus, the Court examines the allegations and circumstances of each case in determining the due date of a response. In examining the allegations here, the Court finds there is a basis to expedite this matter. Petitioners—four of whom entered the United States as children—entered the country without admission or parole, were apprehended, and were subsequently released, after which they lived in the United States for years prior to the apprehensions that led to their present detentions. Dkt. 1 ¶¶ 3–4. Petitioners allege that because they resided in the United States for years prior to their most recent apprehensions, they are unlawfully detained under mandatory detention policies recently adopted by the Department of Homeland Security and the Executive Office for Immigration Review, due to which Petitioners have been denied

ORDER GRANTING IN PART MOTION TO SHOW CAUSE AND EXPEDITED BRIEFING SCHEDULE - 2

release on bond. Dkt. 1 ¶¶ 4–9. Petitioners contend that they are members of the certified class in *Rodriguez Vazquez v. Bostock*, in which the Court declared that the Tacoma Immigration Court's practice of denying bond to certain detainees on the basis of 8 U.S.C. § 1225(b) was unlawful. No. 3:25-cv-05240-TMC, 2025 WL 2782499, at *27 (W.D. Wash. Sept. 30, 2025). Petitioners acknowledge, however, that Respondents may challenge their membership in the class or whether the holding of *Rodriguez Vazquez* applies to them. *See* Dkt. 1 ¶¶ 7–8. Because this question is more complicated than that presented by a habeas petition from a typical *Rodriguez Vazquez* class member, the Court finds that a longer briefing schedule is needed.

4. Accordingly, the Court ORDERS:

    a. Petitioners' motion, Dkt. 2, is GRANTED IN PART.

    b. Respondents shall file a response to the habeas petition no later than November 3, 2025. Any arguments that the petition should be dismissed shall be made in the response and not by separate motion.

    c. Any reply Petitioners wish to file shall be due by November 7, 2025. The Clerk shall note the matter for November 7, 2025.

    d. The clerk is directed to effectuate immediate service of the habeas petition filed in this case upon Respondents and shall immediately email a copy of this order to usawaw.Habeas@usdoj.gov.

Dated this 23rd day of October, 2025.

Tiffany M. Cartwright
United States District Judge